1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | CR 09-1411-TUC-JMR (GEE) |
|---|---|---|
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | (Transfer of Juvenile to Adult Prosecution) |
| vs. | ) | |
| | ) | |
| GERARDO BENITO RAMIREZ, | ) | |
| Defendant. | ) | |
| | ) | |

On July 14, 2009, an Information was filed charging the aforementioned defendant with six acts of juvenile delinquency occurring in January, 2007: (1) premeditated murder; (3) and (4), assault with intent to commit murder; and (2), (5) and (6) use of a firearm during a crime of violence. At his initial appearance on August 12th the defendant, through counsel, stated his desire to proceed as a juvenile.

On August 24th the government filed a Motion for Leave to Proceed Against Juvenile as an Adult, and then filed a motion for a psychological evaluation of the defendant. Thereafter, defense counsel filed a motion for appointment of an investigator, and an objection to the psychological evaluation of the defendant. This court set the case for a status conference on the pending motions, but several times the hearing was not held because the defendant had not been transported from the Pima County Juvenile Detention Center where he was being held. On September 17, 2009, the defendant again had not been transported; however,

**cc: Kleindienst, Cooper**

defense counsel advised the court that after conferring with the defendant and with the lawyer for the government, it appeared they would no longer object to transferring the juvenile to adult prosecution.

Finally, on September 28th the defendant appeared before this court, and defense counsel presented Juvenile's Request to be Prosecuted as an Adult. (signed by the defendant and his counsel) to be filed with the court, In response to questions from the court, the defendant stated he had met with his lawyer and discussed the question of whether he should agree to adult prosecution. He stated he understood the charges against him and the consequences of such a transfer, e.g., he would face a longer period of incarceration if found guilty. He stated he signed the transfer request after discussing the case with his lawyer. The attorney advised the court he had no doubts as to the defendant's competency to make such a decision.

It should be noted that the defendant's birthday is April 12, 1990; therefore, although he is now 19 years of age, he was only 16 at the time of the alleged offenses, i.e., January 1, 2007.

Under §5032 of the Federal Juvenile Delinquency Act (FJDA), a person under the age of 18 who is not surrendered to state authorities is proceeded against as a juvenile "unless he has requested in writing upon advice of counsel to be proceeded against as an adult...." The FJDA also provides that with regard to individuals over the age of 15 and charged with specified criminal activity, the government may file a motion to transfer the juvenile for adult prosecution, and the court may grant the transfer motion if, after hearing, the court finds the transfer would be in the interest of justice. The FJDA sets forth in some detail the procedure to be followed with regard to the transfer motion and the factors the court must consider in assessing whether a transfer would be in the interest of justice. However, other than that the request be in writing and upon the advice of counsel, the FJDA does not set forth any factors a court should or must consider when a juvenile requests to be proceeded against as an adult.

This court could find only one case dealing with a juvenile's request to be proceeded against as an adult. In *United States v. Doe,* 627 F.2d 181 (9th Cir. 1980), the Ninth Circuit

considered the timeliness of such a request made 27 days after the juvenile's arrest and one day prior to trial. The trial court had denied the defendant's request as untimely and, after a trial to the court, the defendant was adjudged a juvenile delinquent. The appellate court reversed Doe's juvenile delinquency adjudication and remanded for a jury trial. *Id.* at 186.

In reaching its decision the court noted that §5032 "makes no reference to either the timeliness of a juvenile's request or *the court's discretion to grant or deny it." Id* at 183 (emphasis added). After noting that §5032 expressly gives the court discretion to grant or deny the government's transfer motion, the Ninth Circuit observed, "The legislative history of section 5032 provides no explanation for Congress's decision not to give the district courts similar discretion with regard to a juvenile's request to be proceeded against as an adult." *Id* at 185. The court concluded that Congress's failure to provide the district courts with discretion to grant or deny a juvenile's request suggests that courts should not impose a rigid time requirement for making that request, but, rather, the courts should allow reasonable time to make such a request. *Id.*

The present case does not present the issue of timeliness. But this court believes that adopting the *Doe* court's analysis is appropriate, and that a district court has little discretion in accepting the juvenile's request to be proceeded against as an adult. On September 28th this court received the written request signed by the juvenile and his lawyer and conducted a brief colloquy with the

juvenile to confirm he had discussed the matter with his lawyer and understood its ramifications. Furthermore, neither the juvenile's answers nor his manner of responding suggests he is mentally incompetent to have made this decision.

At the hearing on September 28th, the government filed a copy of the defendant's juvenile court records, as required by the statute, and this court noted that as early as January, 2008, Dan Cooper, who represents the defendant in the current case, was representing him in tribal court for the same conduct which gave to the current federal charges.

In view of the above, the magistrate **recommends** that the district court **accept** the defendant's request to be proceeded against as an adult.
- 3 -

Each counsel may serve and file objections within 10 days of today's date. If objections are not timely filed the party's right to de novo may be waived. If objections are filed they should be directed to the district court by omitting the magistrate's initials from the caption, i.e.,CR-09-1411-TUC-JMR.

DATED this 2nd day of October, 2009.

_____
Glenda E. Edmonds
United States Magistrate Judge